**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOUGLAS SIMPSON, on behalf of himself and others similarly situated, | :<br>:<br>: CIVIL ACTION FILE NO. |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| THE J.G. WENTWORTH COMPANY | : **COMPLAINT – CLASS ACTION** |
| Defendant. | :<br>: **JURY TRIAL DEMANDED** |
| | : |

Plaintiff Douglas Simpson ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by The J.G. Wentworth Company ("J.G. Wentworth") to market its services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3.      Mr. Simpson also alleges that J.G. Wentworth uses automated systems to make telemarketing calls into Florida as well as to Florida residents that have placed themselves on the National Do Not Call Registry, and that by doing so, J.G. Wentworth has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

4.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.      Plaintiff Douglas Simpson is a Florida resident who was located in Florida at the time of the call.

7.      Defendant The J.G. Wentworth Company is a corporation with its principal place of business in this District.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9.      This Court has jurisdiction over The J.G. Wentworth Company because its principal place of business in this District.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because as calls were made or organized from this District.

## **BACKGROUND**

Calls Made Using a Pre-Recorded Message

11.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

14.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the

signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The Florida Telephone Solicitations Act

15.    The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

16.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

17.    It is also a violation to make a call to a number on the National Do Not Call Registry.

18.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

19.    Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

20.    Defendant J.G. Wentworth is a "person" as the term is defined by 47 U.S.C. § 153(39).

21.     At no point have the Plaintiff sought out or solicited information regarding Defendant's services prior to receiving the pre-recorded call at issue.

Call to Plaintiff

22.     Mr. Simpson's cellular telephone number is (727) 470-XXXX.

23.     That cellular telephone number is a residential telephone line used by Mr. Simpson for personal calls.

24.     That telephone number is not associated with a business.

25.     That telephone number had been on the National Do Not Call Registry for at least a year prior to January 22, 2020.

26.     Despite that, Mr. Simpson received a pre-recorded telemarketing call from the Defendant on July 13, 2022.

27.     The call played a pre-recorded message.

28.     The pre-recorded message did not identify the caller.

29.     The pre-recorded message inquired about the call recipient's financial condition, including inquiring if the call recipient had debt and wanted to borrow money.

30.     The call was clearly pre-recorded because (a) there was a significant pause after the Plaintiff picked up the phone before the robot started speaking (b) the recording would keep play when the call recipient began talking (c) the robot had a generic monotone voice.

31.     The Plaintiff then spoke to "Nike from JG Wentworth".

32.     "Nick" offered the defendant's financial services and asked the Plaintiff several questions so he could prepare a quote, including how much he was looking to borrow, how much money he owed, and if he had previously been late on payments.

33.     "Nick" then provided his direct call back number of 888-570-5014, extension 7229.

34.     Contacting that number confirms that the call recipient reaches "Nick from JG Wentworth.".

35.     Prior to filing this action, the Plaintiff, through counsel, contacted the Defendant about the pre-recorded call.

36.     The Defendant did not deny making the pre-recorded call or otherwise respond.

37.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

39.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) from four years prior to the complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

**Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services,

(2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

**Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a number on the National Do Not Call Registry (3) since July 1, 2021.

40.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of this classes as she has no interests that conflict with any of the class members.

41.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42.     Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

43.     This Class Action Complaint seeks injunctive relief and money damages.

44.     The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

45.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

46.     The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

47.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

48.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a)  Whether the Defendant used pre-recorded message to send telemarketing calls;

(b)  whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c)  whether Defendant's conduct constitutes a violation of the TCPA; and

(d)  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

49.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has no interests which are antagonistic to any member of the Class.

50.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

51.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

52.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47  U.S.C. 227(b) on behalf of the Robocall Class**

53.     Plaintiff incorporates the allegations in the prior paragraphs as if fully set forth

herein.

54.     The foregoing acts and omissions of Defendant and/or their affiliates, agents,

and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the

cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded

messages.

55.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or

entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of $500 in damages for each and

every call made to their residential or cellular telephone numbers using an artificial or

prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

56.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and

members of the Class are entitled to an award of up to treble damages.

57.     Plaintiff and members of the Class are also entitled to and do seek injunctive

relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for

emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice

in the future.

## SECOND CAUSE OF ACTION

**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

58.     Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

59.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

60.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

61.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

62.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

63.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

10

64.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

65.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

### THIRD CAUSE OF ACTION
**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff and the Florida Telephone Solicitation
Act National Do Not Registry Call Class**

66.     Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

67.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendant.

68.     It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

69.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will

or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

70.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

71.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

72.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule

of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a

proper representative of the Class, and appointing the lawyers and law firms representing

Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorneys

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich (*subject to pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com