UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS SIMPSON,
individually and on behalf
of all others similarly situated,

 Plaintiff,

v.           Case No: 8:23-cv-152-KKM-AEP

THE J.G. WENTWORTH CO.,
and DIGITAL MEDIA SOLUTIONS, LLC

 Defendants.
_____

## ORDER

 Douglas Simpson, individually and on behalf of a putative class, sued The J.G. Wentworth Company and Digital Media Solutions, LLC over receipt of a single unwanted robocall to a cellphone. *See* Am. Compl. (Doc. 37). Defendant J.G Wentworth filed a motion to dismiss Simpson's complaint and strike the class allegations due to a lack of Article III standing and Simpson responded, basing his arguments largely on reasoning from the Eleventh Circuit's holdings in TCPA class action cases such as *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022), *reh'g en banc granted, opinion vacated*, 61 F.4th 1297 (11th Cir. 2023), and *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). *See* Mot. to Dismiss (Doc. 52); Resp. in Opp'n (Doc. 66). After J.G. Wentworth filed its motion to

dismiss, the Eleventh Circuit vacated its decision in *Drazen* and granted Drazen's petition for rehearing en banc.

This Court requested briefing on whether the case should be stayed pending the resolution of *Drazen*. *See* Endorsed Order (Doc. 68). Simpson opposes a stay as not necessary under current precedent and prejudicial to him if he was unable to engage in third party discovery. *See* Pl.'s Submission Re: The Propriety of a Stay (Doc. 72). J.G. Wentworth does not oppose a stay but contends it is not necessary because Simpson lacks standing. *See* The J.G. Wentworth Company's Position on the Eleventh Circuit's Forthcoming Decision in *Drazen v. Pinto* (Doc. 73). Finally, Digital Media Solutions argues that a stay is "appropriate under the circumstances." *See* Def. Digital Media Solutions, LLC's Resp. to Order to Show Cause (ECF 68) (Doc. 71) at 1. In the light of the Eleventh Circuit's pending en banc decision, the Court stays this case.

A district court has broad discretion to stay proceedings as "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.* 299 U.S. 248, 254 (1936). A stay is warranted when a pending decision in another court "is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

*Drazen* involves, among other things, a class of plaintiffs suing under the TCPA for receipt of a single phone call to a cell phone. See *Drazen*, 41 F.4th at 1362. In the now-vacated opinion, the court acknowledged that the Eleventh Circuit has not yet ruled on whether a single phone call to a cell phone constitutes a concrete injury. *Id.* at 1362–63 (citing to *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019)). In her petition for rehearing en banc, Drazen requested that the court "reevaluate the *Salcedo* holding" and "clarify the law regarding the elements necessary to pursue a TCPA claim." Corrected Pet. for Reh'g En Banc, *Drazen*, No. 21-10199 (Doc. 83) at 1–2.

Simpson alleges that he received a single unsolicited robocall to his cell phone in violation of the TCPA. Am. Compl. ¶¶ 25, 29. He also seeks to certify a class consisting of "[a]ll persons within the United States" who received "a telemarketing call" to their "cellular telephone number." *Id.* ¶ 58. J.G. Wentworth has already moved to dismiss the case or strike class allegations based on a perceived lack of Article III standing, *see* Mot. to Dismiss, and Digital Media Solutions promises to do the same in the coming days, Def. Digital Media Solutions, LLC's Resp. to Order to Show Cause at 3. Because the Eleventh Circuit has yet to rule on whether a single phone call to a cell phone is a concrete injury and *Drazen* involves class action TCPA claims like this case, the forthcoming decision is likely to have "a substantial or controlling effect on the claims and issues" in this case. *See Miccosukee Tribe*, 559 F.3d at 1198. Thus, the Court stays this case.

Accordingly, the following is **ORDERED:**

1. Except as provided by this order, this proceeding is **STAYED**. The parties must file a joint notice within seven days of a decision from the Eleventh Circuit in *Drazen v. Pinto.*

2. The Clerk is directed to administratively close this case.

**ORDERED** in Tampa, Florida, on April 17, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge