# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

DOUGLAS SIMPSON, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiff,

vs.                                                                                   Case No. 8:23-cv-00152

THE J.G. WENTWORTH COMPANY
and DIGITAL MEDIA SOLUTIONS, LLC

      Defendants.

## DECLARATION OF DOUGLAS SIMPSON

1. My name is Douglas Simpson. I am over 18 years old. I can testify competently to the undersigned statements.

2. My telephone number 727-470-XXXX is on the National Do-Not-Call Registry. I have never removed it from the National Do-Not-Call Registry.

3. I am the user and owner of 727-470-XXXX.

4. I did nothing to precipitate the illegal pre-recorded message to my number.

5. It is an extremely common practice in the telemarketing industry for telemarketers to use fake caller ID information and fake names, such as an avatar calling themself "Robert," to conceal their true identities and avoid liability for making illegal telemarketing calls.

6. In cases such as this, it is necessary to feign interest in the telemarketer's script to ascertain their true identity and what product or services they are selling. Otherwise, the callers are impossible to identify and hold accountable for their unlawful telemarketing actions.

7. On July 13, 2022, I received a pre-recorded call using the caller ID 727-354-5636 regarding consolidating debt settlements.

1

8. In order to identify the legal entity behind this call, I interacted with the avatar "Robert." I interacted with "Robert" as I understood from my past experience dealing with illegal telemarketers that a transfer would then be made to the entity responsible for the call, who could then be identified and held to account for its illegal actions. A transfer was subsequently made.

9. I suspected from the outset that "Robert" was a fictitious person designed to disguise the entity legally responsible for the illegal telemarketing at issue. This assumption proved correct.

10. I, and other class members, were harmed. We were temporarily deprived of the legitimate use of our phones as a result of the illegal telemarketing call, our privacy rights were invaded, and our statutory rights as recognized by the TCPA were violated. Illegal telemarketing calls are frustrating, obnoxious, and annoying. They are a nuisance and disturbed the solitude of myself and all similarly situated class members.

11. I have reviewed the Exhibits submitted by JG Wentworth in support of its Motion to Dismiss.

12. Most significantly, the Exhibits fail to include the initial pre-recorded message I received via an avatar. The only Exhibits JG Wentworth has chosen to produce are those which relate to discussions **after** the unlawful call was initiated and transferred.

13. JG Wentworth has failed to provide a complete record of the events which occurred during the unlawful call. JG Wentworth wishes for the Court to review Exhibits it produced, but JG Wentworth fails to include the very Exhibit which brought cause to this action. I never consented to receive calls from JG Wentworth or any other entity with which it is

2

affiliated. The Exhibits they have provided omit the portion of the call at the outset where the call played a prerecorded message.

14. My number is on the Do-Not-Call Registry, and I did not provide any consent for anyone to place calls to me, either manually or through the use of an ATDS or an artificial or prerecorded voice.

15. I do not and have never submitted my telephone number to any online sign up or form for the purpose of bringing lawsuits, including under the TCPA.

16. I do not and have never welcomed nor wanted the calls and did nothing to receive or deserve them. My injury was done completely at the hands of Defendants, who took it upon themselves to call me in violation of the TCPA.

17. My actions in investigating the callers by engaging with their telemarketing script did not place me in a position to invite calls. Rather, my engagement with the callers occurred only during the course of the illegal and unsolicited telemarketing call that Defendants placed to me on their own accord, without any interaction nor intervention from me. This engagement, in turn, only allowed me to identify the callers. If anyone manufactured an injury, it is the Defendants by getting caught for their illegal conduct.

18. I brought this case as a class action because I know that there are likely thousands more people in a similar situation such as myself, having received telemarketing calls from Defendants without their consent. I was not paid by anyone to investigate these calls. This suit was brought not for personal motives or financial gain, but as a bulwark for the rights of consumers against illegal telemarketing.

19. I have further reviewed evidence submitted by DMS in support of its Motion to Dismiss Plaintiff's Amended Complaint purporting to show that I consented to receive the call at issue.

20. I have never visited the websites or snappysurveys.com or speedysurveyclub.com.

21. The IP addresses associated with those purported website visits, 67.207.173.178 and 173.211.32.199 are not associated with me or anyone acting on my behalf. I verified this was the case using the online resource www.whatismyipaddress.com.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed this**    6    **day of** September , 2023.

*Douglas L Simpson*

**Douglas Simpson**

4